IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALVARO JIMENEZ-NUNEZ,

Defendant.

_______________________________________/

CASE NO. CR F 11-0088 LJO

**ORDER ON MOTION FOR TIME REDUCTION**
(Doc. 18.)

**INTRODUCTION**

Defendant Felipe Robles-Huerta ("defendant") is a federal prisoner and proceeds pro se to seek to reduce his sentence. On June 22, 2012, defendant filed papers for relief under 28 U.S.C. § 2255 ("section 2255") based on his status as a deportable alien, non-United States citizen. This Court considered defendant's papers on the record and denies defendant section 2255 or other requested relief.

**BACKGROUND**

**Plea Agreement And Sentencing**

By a June 8, 2011 plea agreement, defendant voluntarily entered a guilty plea to deported alien found in the United States in violation of 8 U.S.C. §§ 1326. With the plea agreement, defendant:

1. "[K]nowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction and sentence";
2. "[A]grees not to contest his plea, conviction and sentence in any post-conviction

proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise";

3. "[A]grees not to move for any other downward adjustments in his offense level under either Chapters Two or Three of the Sentencing Guidelines";

4. "[A]grees not to move for any other downward departure or variance of his sentence, whether under the Sentencing Guidelines or the factors of 18 U.S.C. § 3553, for a term of imprisonment of less than forty-six (46) months";

5. Agrees not to seek "a downward departure of his offense level, criminal history category or criminal history points";

6. Agrees not to "request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a sentence different than that called for under the Sentencing Guidelines";

7. "[A]grees that the applicable guideline sentence in this case is reasonable and that a term of imprisonment of forty-six (46) months is part of an overall 'reasonable sentence'"; and

8. Recognizes that his plea "may subject him to automatic deportation and removal from the United States" and "affirms that he has been advised of the immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea."

On June 9, 2011, defendant was sentenced to 46 months, and judgment was entered on June 13, 2011.

**Defendant's Motion**

On June 22, 2012, defendant filed his papers to reduce his sentence based on his status as a deportable alien and to claim that an "alien is deprived of his benefits or privileges due to his or her status and find [sic] himself/herself committed to harsher time, or sentence due his or her status in the United States."

**DISCUSSION**

**Waiver**

Defendant waived his right to attack his sentence collaterally, and his papers filed on June 22, 2012 are such an attack.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A knowing and voluntary waiver of the right to collateral review in a negotiated plea agreement is enforceable in federal court. *See United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (recognizing that a knowing and voluntary waiver of the right to bring a collateral attack is enforceable).

A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014. "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). In determining whether a waiver was knowingly and voluntarily made, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [FED. R. CRIM. P. 11]." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

Defendant's waiver of his collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant agreed, among other things, to forego a contest to "his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise." Given such waiver, defendant is precluded to pursue issues which do not relate to performance of his attorney or voluntariness of waiver. *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

**<u>Voluntary And Intelligent Plea</u>**

Defendant's voluntary and intelligent plea further bars section 2255 or other requested relief. With the plea agreement, defendant:

1. "[A]cknowledges that his plea of guilty is voluntary and that no force, threats, promises

or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty"; and

2. Agrees that his "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement" and "[t]here have been no representations or promises from anyone as to what sentence the Court will impose."

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences. . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

With the plea agreement, defendant acknowledged that he was fully aware of the direct consequence of his plea. Defendant further acknowledged that his plea was freely and voluntarily made. Thus, under *Brady*, defendant's plea must stand, as his plea was voluntary and intelligent.

**Alien Status**

Defendant appears to contend that this Court should reduce his offense level in that as an alien, defendant is subject to treatment different than that afforded citizens.

A court may depart downward if it finds that "there exists an aggravating or mitigating circumstance . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). Sentencing Guidelines §5K2.0 finds departures from the stated guideline range appropriate

when factors "that have not been given adequate consideration by the Commission" are present, or if "in light of the unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." The decision to depart from the relevant guideline is within the sound discretion of the sentencing court. *United States v. Charry Cubillos*, 91 F.3d 1342, 1343 (9th Cir. 1996).

Generally, downward departure is discouraged due to a presumption that the Sentencing Commission, if only implicitly, considered all possible factors. *See, e.g., United States v. Restrepo*, 999 F.2d 640, 644 (2nd Cir. 1993). The U.S. Supreme Court has emphasized that "[b]efore a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guidelines. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day-to-day experience in criminal sentencing." *Koon v. United States*, 518 U.S. 81, 98, 116 S.Ct. 2035, 2046 (1996).

Defendant appears to contend that he is entitled to a downward departure because as a deportable alien, his sentence or treatment is more severe than if he were a United States citizen. Courts have considered effects of alienage on sentencing and agree that a sentencing court should not consider immigration-related consequences that are marginal or collateral to the sentence, including hardship of deportation or ineligibility for release to a half-way house. *See, e.g., United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993) ("collateral consequences from conviction are not a basis for downward departure"); *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir. 1990) ("possibility of deportation" is not an appropriate ground for departure).

The Ninth Circuit Court of Appeals has recognized that a downward departure from a stated guideline requires a district court to make findings to consider the "structure and theory" of the guidelines as a whole, bearing in mind the Commission's expectation that departures based on grounds not mentioned in the Sentencing Guidelines are infrequent. *Charry Cubillos*, 91 F.3d at 1343. A sentencing court must indicate why a departure is so unusual to fall outside the heartland of cases. *Charry Cubillos*, 91 F.3d at 1343.

Further, the Ninth Circuit has held that the threat of deportation is not a factor that the district court may consider for sentencing purposes. *United States v. Alvarez-Cardenas*, 902 F.2d 734, 737 (9th Cir.1990) (deportability is not a valid factor for departure because it merely describes the defendant's

status, and does not "affect [defendant's] culpability or the seriousness of the offense"); *U.S. v. Lipman*, 133 F.3d 726, 730 (9th Cir. 1998) (a sentencing court cannot downwardly depart based on the fact that a defendant faces future deportation).

Defendant offers nothing to suggest that his sentence falls outside the heartland of cases. Defendant fails to substantiate a sentencing error resulting from his status as an alien or grounds for further downward departure. Nothing in the record supports that defendant is subject to discrimination or is entitled to his requested relief.

**Untimely Section 2255 Motion**

Defendant's claims for relief are susceptible to section 2255(f)'s one-year limitations period, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant untimely seeks section 2255 or other requested relief. His judgment of conviction was finalized on June 13, 2011, more than a year prior to the June 22, 2012 filing of his papers. Defendant alleges no government-created impediment to seek section 2255 relief, and none is present. No right newly recognized by the U.S. Supreme Court supports section 2255 relief. Defendant demonstrates no due diligence to discover facts to support his claims. The one-year limitations period expired prior to defendant's untimely papers. Defendant's untimeliness provides further grounds dismiss all claims raised in his papers.

**Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2);

*see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A COA is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255, other relief requested by his papers filed on June 22, 2012, and a COA and DIRECTS the clerk to close any related civil action.

IT IS SO ORDERED.

**Dated: June 27, 2012**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE